United States District Court
Southern District of Texas
**ENTERED**
October 14, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| PENNYMAC LOAN SERVICES, LLC, *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL NO. 4:25-CV-5760 |
| | § | |
| KEVIN HERNANDEZ, *ET AL.*, *Defendants*. | § | |

# JUDGE PALERMO'S
# REPORT AND RECOMMENDATION

This is a foreclosure suit. ECF No. 1. Plaintiff PennyMac Loan Services, LLC sued Defendants Kevin Hernandez, the United States of America, Loanpal, LLC, and Jasmine Heights Homeowners Association. ECF No. 1. Plaintiff brings a breach of contract claim, asserting that Hernandez defaulted on his loan that is secured by the property. *See id.* On August 26, 2026, Plaintiff moved for default judgment against Plaintiff and Loanpal and requested that the Court order foreclosure on the property. ECF No. 26. Before taking up the motion, the Court must determine if it has subject matter jurisdiction. *See NewRez, LLC v. Greene*, No. 4:25-CV-02423, 2026 WL 2549248, at *1 (S.D. Tex. June 30, 2026) (citing *Sys. Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY*, 242 F.3d 322, 324 (5th Cir. 2001), *adopted by* 2026 WL 1764856 (S.D. Tex. June 18, 2026) (describing this as the court's "affirmative duty" when addressing a motion for default judgment)).

## **Analysis**

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Therefore, United States District Courts and Courts of Appeals have the responsibility to consider the question of subject matter jurisdiction *sua sponte* if it is not raised by the parties and to dismiss any action if such jurisdiction is lacking." *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985) (per curiam). Congress has conferred federal courts with original jurisdiction over two categories of cases: (1) federal questions "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331; and (2) suits between citizens of different states with an amount of controversy exceeding $75,000, *see* 28 U.S.C. § 1332(a). *See Badgerow v. Walters*, 596 U.S. 1, 7 (2022).

As the party asserting jurisdiction, Plaintiff bears the burden to establish that jurisdiction exists. *See NewRez*, 2026 WL 2549248, at *1 (citing *Life Partners, Inc. v. United States*, 650 F.3d 1026, 1029 (5th Cir. 2011)). As the basis for subject matter jurisdiction, Plaintiff pleaded:

> This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 2410, as PennyMac seeks to foreclose a lien on real property in which HUD, as an agency of the United States, holds a subordinate lien interest. Section 2410 establishes federal jurisdiction and expressly waives the United States' sovereign immunity in any civil action to foreclose a mortgage or lien where the United States, or an officer thereof, has or claims a lien or other interest in the property.

> Because the Secretary of HUD, in their official capacity, holds a junior lien on the subject property, this Court has jurisdiction to adjudicate the foreclosure proceedings and determine the rights of all lienholders, including HUD's interest. Additionally, jurisdiction is proper under 28 U.S.C. § 1331, as the matter involves the interpretation and enforcement of federal laws governing HUD's lien rights.

ECF No. 1 at 2.

Section 2410 only waives sovereign immunity; it does not confer subject matter jurisdiction. *NewRez*, 2026 WL 2549248, at *1 (citing *Nationstar Mortg., LLC, v. Abbott*, 2026 WL 1765978 (S.D. Tex. Apr. 29, 2026) (dismissed case for lack of subject matter jurisdiction)). As the court summarized the holding in *Nationstar*:

> a lender filed a foreclosure suit against both the defaulting borrower and against the United States, which purportedly held a lien on the property securing the loan. *[Nationstar*, 2026 WL 1765978] at *1. The lender invoked federal question jurisdiction under 28 U.S.C. § 2410, which provides that "the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter ... to foreclose a mortgage or other lien upon ... real ... property on which the United States has or claims a mortgage or other lien." 28 U.S.C. § 2410(a). But as explained in *Nationstar*, Fifth Circuit law holds that Section 2410 "does not create a basis for federal subject matter jurisdiction." *See Nationstar*, 2026 WL 1765978, at *2 (quoting *Hussain v. Bos. Old Colony Ins. Co.*, 311 F.3d 623, 635 (5th Cir. 2002)). That precedent confirms that merely naming the United States based on its an interest in the subject property does not confer jurisdiction.

*Id.*; *see also AMERIHOME MORTGAGE COMPANY, LLC v. BRANDON L. GUIN, et al. Additional Party Names: Dep't of Hous. & Urban Dev., Shanteria M.*

*Thurman, United States*, No. 4:25-CV-01071-ALM-BD, 2026 WL 2673763, at *3 (E.D. Tex. Sept. 10, 2026) ("The text of § 2410 does not create federal subject-matter jurisdiction. The relevant statutory context and controlling precedent confirm that conclusion."). The Court does not have jurisdiction over this matter by virtue of § 2410.

Furthermore, § 1331 gives the court original jurisdiction over any claim that "aris[es] under" federal law, which is "when federal law creates the cause of action asserted." *AMERIHOME*, 2026 WL 2673763, at *13 (citing *Gunn v. Minton*, 568 U.S. 251, 257 (2013)). "But even where a claim finds its origins in state rather than federal law," there is "a 'special and small category' of cases in which arising under jurisdiction still lies." *Id.* (citing *Gunn*, 568 U.S. at 258). "[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.* (quoting *Gunn*, 568 U.S. at 258).

Here, Plaintiff's breach-of-contract claim seeking foreclosure, arises under state law. *Id.* (citing *Salas Cervantes*, 2025 WL 926465, at *1). Although Plaintiff alleged that the matter involves the interpretation and enforcement of federal laws governing the United States' lien rights, "that assertion does not check the four boxes identified in *Gunn*." *See id.* (citing *In re Katrina Canal Breaches Litig.*, 342 F. App'x

928, 932 (5th Cir. 2009) (explaining that "the mere presence of a federal issue in a state cause of action is not sufficient to permit federal jurisdiction")). Nothing in Plaintiff's complaint suggests that a *bona fide* federal issue exists here. "The government's lien rights are governed by state law." *See id.* (citing *Kimbell Foods*, 440 U.S. at 740). The Court does not have jurisdiction over this matter by virtue of § 1331.

Because neither § 2410 nor § 1331 confers jurisdiction here and Plaintiff has not advanced any other basis for federal jurisdiction, the Court should dismiss this case for lack of subject matter jurisdiction. *See id.*

## Conclusion

It is therefore **RECOMMENDED** that Plaintiff's case be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude review of factual findings or legal conclusions, except for plain error. *Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017).**

Signed on October 14, 2026, at Houston, Texas.

Dena Palermo

**Dena Hanovice Palermo**
**United States Magistrate Judge**