United States District Court
Southern District of Texas
**ENTERED**
November 04, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PENNYMAC LOAN SERVICES, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-25-5760 |
| | § | |
| KEVIN HERNANDEZ, et al., | § | |
| | § | |
| Defendants. | § | |

# ORDER

The court has conducted a de novo review of United States Magistrate Judge Palermo's Report and Recommendation (Docket Entry No. 27) and Plaintiff's Objection to Magistrate Judge's Report and Recommendations (Docket Entry No. 28). Plaintiff's objections are based on the Magistrate Judge's recommendation that its complaint be dismissed for lack of subject matter jurisdiction because 28 U.S.C. § 2410 does not confer subject matter jurisdiction. In its objections, Plaintiff cites Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing, 125 S. Ct. 2363 (2005), Bradford v. United States Department of Agriculture, Rural Development, 606 F. App'x 259 (5th Cir. 2015), Bartolomeo USA, L.L.C. v. United States Department of Housing and Urban Development, No. 21-10493, 2021 WL 5458117 (5th Cir. Nov. 22, 2021), and Lewis v. Hunt, 492 F.3d 565 (5th Cir. 2007), to argue that § 2410 confers subject matter jurisdiction.

The court concludes that under Fifth Circuit precedent Plaintiff's complaint must be dismissed for lack of subject matter jurisdiction. See Hussain v. Boston Old Colony Insurance Co., 311 F.3d 623 (5th Cir. 2002). As explained in Nationstar Mortgage, LLC v. Abbott, Civil Action

No. 4:25-cv-04399, 2026 WL 1765978 (S.D. Tex. Apr. 29, 2026), adopted by 2026 WL 1764856 (June 18, 2026), the cases cited by Plaintiff do not establish that § 2410 confers subject matter jurisdiction:

> [Plaintiff] asserts that Hussain has been abrogated by Grable[]. . . . The Court disagrees. The cited footnote merely observed in passing that Section 2410 "provide[s] a quiet title cause of action against the Federal Government." Grable, [125 S. Ct. at 2369] n.4. But Grable dealt with the defendant's ability to remove a quiet title action under 28 U.S.C. § 1441(a). It neither analyzed nor addressed whether Section 2410 would permit the action to be filed originally in federal court. See id. [] (Section 2410 was "not relevant" to its analysis); see also Lakeview Loan Servicing, LLC v. Tennyson, [Civil Action No. 3:25-CV-1232-L], 2026 WL 799709, at *3 (N.D. Tex. Mar. 23, 2026) (distinguishing Grable; no jurisdiction over foreclosure action filed in federal court against property owner and the United States); Amerihome Mortg. Co., LLC v. Lozano, [No. 5:25-CV-122-H-BV], 2025 WL 3532429, at *3 (N.D. Tex. Nov. 17, 2025) (holding Grable did not overrule Hussain), adopted by 2025 WL 3530952 (N.D. Tex. Dec. 9, 2025); Wilmington Sav. Fund Soc'y, FSB as trustee of Stanwich Mortg. Loan Tr. I v. Leon, [No. 3:25-cv-00593-S-BT], 2026 WL 374736, at *2 (N.D. Tex. Jan. 26, 2026) (footnote 4 was dicta, not a holding), adopted by 2026 WL 372214 (N.D. Tex. Feb. 10, 2026).
>
> More fundamentally, it is not for this Court to determine whether Hussain remains good law. Only the Fifth Circuit can decide whether to revisit its own precedent. See In re Bonvillian Marine Serv., Inc., 19 F.4th 787, 789-90 (5th Cir. 2021) (district courts are "bound by the rule" in a published appellate decision unless the circuit decides to overturn it, including based on an intervening Supreme Court decision).
>
> Unpublished cases cited by [Plaintiff] cannot override Hussain's binding force. See Dkt. 24 at 1-3 (citing Bradford[]; Bartolomeo[]). And the decision in Lewis [] changes nothing; it treats Section 2410 as a waiver of sovereign immunity, citing Hussain. Much like the Supreme Court's Grable decision, the Lewis case "did not address whether Section 2410 creates subject matter jurisdiction for cases originally brought in federal court." Lakeview Loan Servicing, LLC v. Bolton, [No. 3:25-cv-1786-G-BN], 2025 WL 3144977, at *3 (N.D. Tex. Sept. 18, 2025), adopted by 2025 WL 3143265 (N.D. Tex. Nov. 10, 2025). Because Hussain remains binding, Section 2410 does not provide a basis for federal question jurisdiction. See, e.g., Planet Homes Lending, LLC v. Ernest Waterwall, [Civil Action No. 4:25-CV-00387], 2026 WL 1084006, at *2 (S.D. Tex. Apr. 6, 2026) (same conclusion), adopted by 2026 WL 1081200 (S.D. Tex. Apr. 21, 2026); Tennyson, 2026 WL 799709, at *3 ("None of the published Fifth Circuit cases . . . concluded that Hussain was overturned by Grable[.]"); Lakeview Loan Servicing LLC v. Lee, [Case No. 3:25-cv-00525-S-BT],

> 2025 WL 3221472, at *2-3 (N.D. Tex. Oct. 22, 2025) (adhering to Hussain and finding no jurisdiction), adopted by 2025 WL 3218913 (N.D. Tex. Nov. 17, 2025).

Abbott, 2026 WL 1765978, at *2.

Having reviewed the Magistrate Judge's Report and Recommendation and Plaintiff's objection, the court concludes that Plaintiff's objection lacks merit and that the Report and Recommendation (Docket Entry No. 27) should be adopted by the court.

Therefore, United States Magistrate Judge Palermo's Report and Recommendation (Docket Entry No. 27) is hereby **ADOPTED** by this court, and Plaintiff's Objection to Magistrate Judge's Report and Recommendations (Docket Entry No. 28) is **DENIED.**

**SIGNED** at Houston, Texas, on this the 4th day of November, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE